IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0521-05






EX PARTE JAMES S. MASONHEIMER, Appellee









ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW 

AND STATE'S CROSS-PETITION FOR DISCRETIONARY REVIEW 

FROM THE ELEVENTH COURT OF APPEALS

TAYLOR COUNTY






 Meyers, J., filed a concurring opinion.



CONCURRING OPINION




 In this case, the conduct of the State was questionable, but we are stuck with the
old standard from twenty-five years ago when the Supreme Court addressed this question
in Oregon v. Kennedy, 456 U.S. 667 (1982). As we know, that case is not very clear on
how to analyze whether a prosecutor's actions were intended to goad the defendant into
requesting a mistrial. In response to the difficulties in applying the Oregon v. Kennedy
standard, we came up with a new standard in Ex Parte Bauder, 921 S.W.2d 696 (Tex.
Crim. App. 1996). In that case, we held that prosecution after the granting of a defense-requested mistrial is jeopardy-barred not only when the objectionable conduct of the
prosecutor was intended to induce a motion for mistrial, but also when the prosecutor was
aware of, but consciously disregarded, the risk that his conduct would lead the defendant
to request a mistrial. Id. at 699. Even though the State never lost a Bauder case, they still
petitioned us numerous times to do away with Bauder. So we did, in Ex Parte Lewis, No.
PD-0577-05, 2007 Tex. Crim. App. LEXIS 33 (Tex. Crim. App. January 10, 2007),
holding that Bauder was too expansive, and the Double Jeopardy provision in the Texas
Constitution should be treated the same as the Fifth Amendment's Double Jeopardy
Clause. Now we are back to the Oregon v. Kennedy standard and the same problems with
attempting to apply it.

 My reading of Oregon v. Kennedy is that if the State's intentional actions goad the
defendant into requesting a mistrial, then retrial is jeopardy-barred. Rather than
considering whether the State actually wanted a mistrial, we look to see if the improper
conduct of the State was intentional. In most cases, the circumstances leading a
defendant to request a mistrial are accidental, such as a State's witness blurting out
unelicited, inadmissible testimony. However, if we look at the State's actions and see that
the prosecutors are intentionally doing things that they should anticipate would lead a
judge to grant a mistrial if the defendant requested one, then it does not matter whether
the State actually wanted a mistrial. The prosecutors may say that they did not want a
mistrial, but if their actions were intentional rather than accidental or careless, and they
should have known that a mistrial would be granted, then the Oregon v. Kennedy standard
is met and retrial is jeopardy-barred. Rather than trying to determine the subjective intent
of the prosecutor, we can objectively look at the actions of the State to determine if the
actions were intentional.

 Obviously here the actions of the State in withholding exculpatory evidence were
intentional. Appellee was goaded into requesting the mistrial by this improper,
intentional conduct, and therefore I agree with the majority that retrial is jeopardy-barred. 
With these comments, I join the majority opinion.


 Meyers, J.


Filed: March 21, 2007

Publish